Sara **VILLATORO**, et al., Plaintiffs,

v.

**KIM SON RESTAURANT,
L.P.,** Defendant.

No. CIV.A.H–03–0081.

United States District Court,
S.D. Texas,
Houston Division.

March 18, 2003.

Richard J. (Rex) Burch, Bruckner Burch PLLC, Houston, TX, for the plaintiffs.

John Zavitsanos, Demetrious Anaipakos, Ahmad, Zavitsanos & Anaipakos, LLP, Houston, TX, Sean Gorman, Esq., Nathan, Sommers Jacobs + Gorman, P.C., Houston, TX, for the defendant.

### *MEMORANDUM AND ORDER*

ATLAS, District Judge.

Pending before the Court in this Fair Labor Standards Act ("FLSA") case is Plaintiff Sara Villatoro's Emergency Motion for Notice to Potential Class Members ("Motion") [Doc. # 7]. Defendant has responded [1], and Plaintiff has replied.[2] The Court concludes that facilitated notice should be issued.

### I. *FACTUAL AND PROCEDURAL BACKGROUND*

Plaintiff Sara Villatoro ("Villatoro") brings this action on behalf of herself and others similarly situated to recover unpaid wages and overtime compensation under § 16(b) of the FLSA. 29 U.S.C. § 216(b). According to her sworn declaration, Villatoro bussed tables at Kim Son Restaurant ("Kim Son") from August 2001 to July 2002.[3] She testifies that she worked ten hours a day, six days a week and was paid a flat rate of $260 per week.[4] Calculating out her pay per hour, she testifies that this pay amounted to $4.33 per hour, below minimum wage.[5] She also testifies that she was never paid overtime for the hours that she worked in excess of forty.[6] Villatoro now asks the Court to issue a court-approved notice to other potential class members, which Villatoro argues are cooks, dishwashers, busboys, and janitors at Kim Son Restaurant.

### II. *STANDARDS GOVERNING WHETHER NOTICE IS PROPER*

Section 16(b) of the FLSA provides that a person may maintain an action on "behalf of himself ... and other employees similarly situated. No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the

1. Defendant's Response to Plaintiff's "Emergency" Motion for Notice to Potential Class Members [Doc. # 15]; Defendant Kim Son Restaurant, L.P.'s Objections to the Sworn Declarations of Sara Villatoro [Doc. # 17].

2. Reply in Support of Plaintiff's Emergency Motion for Notice to Potential Class Members [Doc. # 18].

3. Sworn Declaration of Sara Villatoro, ¶ 2 (Exhibit B to Motion).

4. *Id.,* ¶ 4.

5. *Id.*

6. *Id.*

court in which such action is brought." 29 U.S.C. § 216(b). A representative action brought pursuant to this provision follows an "opt-in" rather than an "opt-out" procedure. *See Mooney v. Aramco Services Co.*, 54 F.3d 1207, 1212 (5th Cir.1995).[7] District courts have the discretion to implement the collective action procedure by facilitating notice to potential plaintiffs. *See Hoffmann–La Roche Inc. v. Sperling*, 493 U.S. 165, 110 S.Ct. 482, 107 L.Ed.2d 480 (1989). Such a notice should be "timely, accurate, and informative." *Id.* at 172, 110 S.Ct. 482.

The Fifth Circuit has not specifically addressed the meaning of "similarly situated" in this context. However, in *Mooney*, the Fifth Circuit reviewed two methodologies courts have used in deciding this question. The first methodology is a "two-stage class certification," originally set out in *Lusardi v. Xerox Corp.*, 118 F.R.D. 351 (D.N.J.1987). Under this methodology, "the trial court approaches the 'similarly situated' inquiry via a two-step analysis." *Mooney*, 54 F.3d at 1213. The first determination is made at the "notice stage." At the notice stage, "the district court makes a decision-usually based only on the pleadings and any affidavits which have been submitted-whether notice of the action should be given to potential class members." *Id.* at 1213–14. "Because the court has minimal evidence, this determination is usually made using a fairly lenient standard, and typically results in 'conditional certification' of a representative class." *Id.* at 1214. "If the district court 'conditionally certifies' the class, potential class members are given notice and the opportunity to 'opt-in.'" *Id.* The second stage is typically precipitated by a motion for "decertification" by the defendant after discovery is largely complete. *Id.* If the additional claimants are similarly situated, the district court allows the representative action to proceed. If the claimants are not similarly situated, the district court decertifies the class, and the opt-in plaintiffs are dismissed without prejudice.

The second methodology is typified by *Shushan v. University of Colorado*, 132 F.R.D. 263 (D.Colo.1990). This approach adopts the view that the "similarly situated" inquiry is coextensive with Rule 23 class certification. Therefore, using this methodology, the court looks at numerosity, commonality, typicality and adequacy of representation to determine whether a class should be certified. *See Mooney*, 54 F.3d at 1214.

The Fifth Circuit in *Mooney* found it unnecessary to decide which of the two methods was appropriate. However, in *LaChapelle v. Owens–Illinois, Inc.*, 513 F.2d 286 (5th Cir.1975), the Fifth Circuit found a "fundamental, irreconcilable difference between the class action described by Rule 23 and that provided for by FLSA § 16(b)" because Rule 23 provides for "opt-out" class actions and § 16(b) provides for "opt-in" class actions. *Id.* at 288. The Circuit stated that "it is crystal clear that § 16(b) precludes pure Rule 23 class actions in FLSA suits." *Id.*

In addition, other courts of appeals have indicated that the Rule 23 requirements do not apply to the § 16(b) collective action procedure. *See Thiessen v. GE Capital Corp.*, 267 F.3d 1095, 1105 (10th Cir.2001) (finding that the district court did not err in applying the "ad hoc" two-step approach); *Grayson v. K Mart Corp.*, 79 F.3d 1086, 1096 n. 12 (11th Cir.1996) ("it is clear that the requirements for pursuing a § 216(b) class action are independent of, and unrelated to, the requirements for class action under [Rule] 23"); *King v. GE Co.*, 960 F.2d 617, 621 (7th Cir.1992) (stat-

---

**7.** Although *Mooney* was litigation under the ADEA, it applies here because the ADEA ex-

plicitly incorporates § 16(b) of the FLSA. *Mooney*, 54 F.3d at 1212.

ing that the § 216(b) procedure preempts the Rule 23 class action procedure). The two-step process also has the advantage of informing the original parties and the court of the number and identity of persons desiring to participate in the suit. With that information, analysis may be performed on the viability of the class and its representatives.

The Court therefore holds that the two-stage class certification approach applies to determine whether notice is appropriate in the current action. In determining whether there are other similarly situated individuals that justify notice, the Court must determine whether there are other employees "who are 'similarly situated' with respect to their job requirements and with regard to their pay provisions." *Dybach v. Fla. Dept. of Corrections*, 942 F.2d 1562, 1567–68 (11th Cir.1991). Notice is appropriate when there is "a demonstrated similarity among the individual situations ... some factual nexus which binds the named plaintiffs and the potential class members together as victims of a particular alleged [policy or practice]." *Crain v.*

*Helmerich & Payne Int'l Drilling Co.*, 1992 WL 91946, *2 (E.D.La. April 16, 1992) (quoting *Heagney v. European American Bank*, 122 F.R.D. 125, 127 (E.D.N.Y.1988)).

## III.  ANALYSIS

In the present case, Villatoro has made the minimal preliminary showing that there are other "similarly situated" individuals that allegedly have been affected by Defendant Kim Son's practices and conduct. Villatoro testifies that she received a flat wage which amounted to less than minimum wage and was paid no overtime for work over forty hours a week. She also testifies that other individuals at Kim Son Restaurant were paid a flat amount and were not paid overtime.[8] Villatoro also submits her pay stubs, which show only the amount paid without any hours or rate information. The record indicates that Villatoro was a typical member of Kim Son's bus and dishwasher staff. She observed other workers in these jobs and the cooks worked hours similar to hers.[9] This evidence is probative that she

---

8.  Defendant objects to this and several other statements in Villatoro's Declaration on evidentiary grounds. The Court has not relied on most of the statements to which Defendant objects. The one statement that has influenced the Court's decision is "[f]rom my [Villatoro's] discussions with them [other employees], I know that they were also paid a flat amount for each week's work and were not paid overtime." Defendant objects to this statement as hearsay. In fact, the statement contains two levels of potential hearsay. Nevertheless, the Court concludes, under Federal Rule of Evidence 801(d)(2)(D), that Villatoro's statement and the statements by other employees to Villatoro during Villatoro's and the other employees' employment are not hearsay. The other employees' comments are statements by agents or servants of Kim Son concerning a matter within the scope of the agency or employment made during the employees' employment. Villatoro's own recitation of these comments is admissible under Federal Rule of Evidence 807, Villatoro's

statement about other employees' comments concerning their pay from Kim Son is sufficiently reliable to be admissible and has a circumstantial guaranty of trustworthiness. These statements to Villatoro and her testimony meet the three criteria in Rule 807:(A) the statements are evidence of a material fact (underpayment of wages); (B) the statements on the point are more probative than any other evidence available at this time; and (C) the general purposes of the Federal Rules of Evidence are served by admission of these statements in evidence for the limited purpose of deciding if notice under a FLSA collective action procedure is appropriate.

9.  Villatoro also refers (only in passing) to janitors at the restaurant. Defendant has submitted evidence that the janitors were not directly employed by Kim Son, but were employed by an independent company. Accordingly, Plaintiff's request for notice to the janitors is denied as unsupported by sufficient evidence.

is similarly situated to others in those categories. Moreover, Kim Son's actions to obtain releases and settlement agreements from its current and former employees concerning the claims in this lawsuit are circumstantial evidence that there are other similarly situated individuals.

■ Defendant contends, in opposition to the request for notice, that Plaintiff has rejected of an offer of judgment under Rule 68 of the Federal Rules of Civil Procedure for $14,000 that, according to Defendant, covers all of Plaintiff's personal alleged damages, costs and attorneys' fees in this case. Defendant argues that Plaintiff's rejection of this offer can mean that Plaintiff's allegations and Motion are only designed to incur unreasonable and unnecessary attorney's fees. This argument is not persuasive. Plaintiff's rejection of a Rule 68 offer is not relevant to the issue presently before the Court, namely, whether there are individuals similarly situated to her in regard to underpayment of wages.

■ Defendant next argues that Plaintiff's Motion should be denied because Plaintiff has improperly attempted to publicize this suit through an article in the *Houston Chronicle* that appeared the day after this lawsuit was filed. Defendant contends that this article improperly invited Kim Son employees to join this suit. This news article is not relevant to whether there are similarly situated individuals. In any event, the newsworthiness of this suit militates in favor of court supervision to ensure accurate notice to potential class members.

Defendant Kim Son also has various objections to the scope of the proposed class and the time period that any class should cover. Defendant, further, raises issues about the effect of its recently implemented arbitration policies and newly signed arbitration/release agreements. Most, if not all of these objections, go to the merits of the action or the forum in which these claims ultimately should be resolved, not whether notice to potential claimants should be given. These arguments will be addressed in due course once the identity of potential class members is determined.

## IV. CONCLUSION

Villatoro has made a sufficient showing that there are individuals similarly situated to her to justify giving notice to potential class members under the Fair Labor Standards Act.

The Court has reviewed the proposed notice with the parties at a pretrial conference held March 14, 2003. After argument by both sides, the Court directed that various changes to Plaintiff's proposed notice be made. The parties stated that they will submit an amended proposed notice to the Court to comply with the Court's rulings on Defendant's prior written and new oral objections raised at a March 14, 2003 conference. The notice will be sent without prejudice to Defendant's objections to the giving of notice at all and to Defendant's arguments on the issues about the scope of the ultimate class that may be entitled to relief. It is therefore

**ORDERED** that the Emergency Motion for Notice to Potential Class Members [Doc. # 7] is **GRANTED**. It is further

**ORDERED** the parties will submit a new proposed notice to the Court to conform to rulings at the March 14, 2003 conference.