**Celia JOHNSON, Individually, and on Behalf of All Others Similarly Situated, Plaintiffs,**

v.

**TGF PRECISION HAIRCUTTERS, INC. and Brelian, Inc., Defendants.**

**No. CIV.A.H–03–3641.**

United States District Court, S.D. Texas, Houston Division.

June 1, 2004.

Brady Sherrod Edwards, Edwards & George LLP, William David George, Edwards & George LLP, Houston, TX, for Celia Johnson, Individually, and on behalf of all others similarly situated, plaintiff.

Michael Jay Kuper, Attorney at Law, Houston, TX, for TGF Precision Haircutters Inc, Brelian Inc, defendants.

### MEMORANDUM AND ORDER

WERLEIN, District Judge.

This action arises out of alleged violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq. Pending is Plaintiff's Motion for Notice to Potential Class Members (Document No. 18). Plaintiff Celia Johnson seeks conditional class certification under FLSA § 16(b), 29 U.S.C. § 216(b), on behalf of herself and others similarly situated. After considering the motion, response, reply, surreply, other supplemental pleadings, and oral arguments of counsel, the Court concludes that the motion should be granted.

### I. *Standard of Review*

Section 16(b) of the FLSA permits an employee to bring an action against her employer "[on] behalf of [her]self ... and other employees similarly situated." 29 U.S.C. § 216(b). However, "[n]o employee shall be a party plaintiff to such an action unless [s]he gives [her] consent in writing to become a party and such consent is filed in the court in which such action is brought." *Id.* Thus, unlike a FED. R. CIV. P. 23 class action, a representative action under § 16(b) "follows an 'opt-in' rather than an 'opt-out' procedure." *Mooney v. Aramco Servs. Co.*, 54 F.3d 1207, 1212 (5th Cir.1995). *See also Villatoro v. Kim Son Rest., L.P.*, 286 F.Supp.2d 807, 809 (S.D.Tex.2003)(Atlas, J.).

"[D]istrict courts have discretion, in appropriate cases, to implement 29 U.S.C. § 216(b) ... by facilitating notice to potential plaintiffs." *Hoffmann–La Roche, Inc. v. Sperling*, 493 U.S. 165, 110 S.Ct. 482, 486, 107 L.Ed.2d 480 (1989). While the Fifth Circuit has not directly addressed the meaning of "similarly situated" in this context, it has reviewed two methods used to resolve the issue. *See Villatoro*, 286 F.Supp.2d at 809. The first method involves the two-stage class certification set forth in *Lusardi v. Xerox Corp.*, 118 F.R.D. 351, 359 (D.N.J.1987). *See Mooney*, 54 F.3d at 1213. The second method, typified by *Shushan v. Univ. of Colorado*, 132 F.R.D. 263 (D.Colo.1990), treats the "similarly situated" inquiry as coextensive with Rule 23 class certification. *See Mooney*, 54 F.3d at 1214. Although the Fifth Circuit did not endorse or sanction a particular methodology in *Mooney*, it has elsewhere referred to Rule 23 and FLSA § 16(b) actions as "mutually exclusive and irreconcilable." *LaChapelle v. Owens–Illinois, Inc.*, 513 F.2d 286, 289 (5th Cir.1975). As noted in *Villatoro*, other circuits have indicated that Rule 23 requirements do not apply to § 16(b) collective actions. *See Villatoro*, 286 F.Supp.2d at 809–10 (citing *Thiessen v. Gen. Elec. Capital Corp.*, 267 F.3d 1095, 1105 (10th Cir.2001); *Grayson v. K Mart Corp.*, 79 F.3d 1086, 1096 n. 12 (11th Cir.1996); *King v. Gen. Elec. Co.*, 960 F.2d 617, 621 (7th Cir.1992)). The Court will apply the two-stage method.

■ The two-stage approach contains a "notice" stage and a "decertification" stage. *See Mooney*, 54 F.3d at 1213–14. At the "notice" stage the Court determines, based on pleadings and affidavits, whether notice of the action should be given to potential class members. *See id.* at 1213–14. The standard applied is a

lenient one, usually resulting in "conditional certification" of a representative class, to whom notice is sent and who receive an opportunity to "opt in." *See id.* at 1214. The case then proceeds through discovery as a representative action. *See id.*

Typically, after the close of discovery the defendant files a motion for "decertification," thereby initiating the second stage. *See id.* At this stage the Court makes a factual determination, using the information gained from discovery, on whether the putative class members are similarly situated. *See id.* "If the class members are similarly situated, the district court allows the representative action to proceed to trial." *Id.* If not, the district court decertifies the class, dismisses without prejudice the opt-in plaintiffs, and allows the class representative(s) to proceed to trial on their individual claims. *See id.*

## II. *Discussion*

### A. *Notice Stage*

█ Applying the lenient standard recognized in *Mooney*, the Court finds that the evidence submitted by Plaintiff justifies conditional class certification for all current and former TGF stylists and receptionists who worked for the company between September 10, 2000, and the present. At this stage in the Court's inquiry, the affidavits and employee handbook submitted by Plaintiff constitute sufficient evidence that putative class members were the victims of a common policy violating the FLSA. Plaintiff's Motion for Notice to Potential Plaintiffs is therefore GRANTED.

### B. *Names and Addresses*

█ Plaintiff requests that the Court order TGF to produce, in electronic form, the names and last known addresses of individuals who worked for TGF as stylists or receptionists from September 10, 2000, to the present. Under the circumstances, discovery of the names and addresses of potential plaintiffs is appropriate. *See Hoffmann–La Roche*, 110 S.Ct. at 486 (holding that discovery of the names and address of potential plaintiffs was proper, as the discovery was relevant to the subject matter of the action and there were no grounds to limit discovery under the facts and circumstances of the case); *Carter v. Indianapolis Power & Light Co.*, No. IP 1:02–CV–01812–SEB–VSS, 2003 WL 23142183, at *4, 2003 U.S. Dist. LEXIS 23398, at *12–13 (S.D.Ind. Dec. 23, 2003) (Barker, J.)(same). TGF must therefore produce the names and addresses, but need only do so in the format in which TGF keeps such names and addresses in the usual course of business. *See* FED. R. CIV. P. 34(b).

### C. *Format and Content of the Notice*

A district court has discretion with respect to the form and content of a court-authorized notice under § 216(b). *See Hoffmann–La*, 110 S.Ct. at 486 ("[W]e decline to examine the terms of the notice used here, or its concluding statement indicating court authorization. We confirm the existence of the trial court's discretion, not the details of its exercise."); *Gjurovich v. Emmanuel's Marketplace, Inc.*, 282 F.Supp.2d 91, 97 (S.D.N.Y.2003)(same). The plaintiff typically bears the costs associated with such notice, and Plaintiff represented at oral argument that it would do so here. *See e.g., King v. ITT Continental Baking Co.*, No. 84 C 3410, 1986 WL 2628, at *4, 1986 U.S. Dist. LEXIS 29321, at *11 (N.D.Ill. Feb. 13, 1986)(requiring plaintiff to bear all costs associated with preparing and distributing notice in § 216(b) action). After reviewing the proposed notices submitted by both parties, as well as the consent form submitted by Plaintiff, the Court is of the opinion that the parties in light of this Order should be able to agree on forms of notice and consent, and will be given the opportunity to do so.

III. *Order*

For the foregoing reasons, it is hereby

ORDERED that Plaintiff Celia Johnson's Motion for Notice to Potential Plaintiffs (Document No. 18) is GRANTED, and a class is conditionally certified that will be composed of all current and former TGF stylists and receptionists who worked for the TGF between September 10, 2000, and the present. It is further

ORDERED that Defendants TGF and Brelian, Inc., no later than fourteen (14) days after the date of entry of this Order, shall provide to Plaintiff the names and last known addresses of all current and former stylists and receptionists of TGF between September 10, 2000, and the present. It is further

ORDERED that the parties shall confer to develop mutually agreed notice and consent forms to reflect the allegations of Plaintiff's Amended Complaint and conform to the terms of this Memorandum and Order. The agreed forms shall be filed for approval by the Court within fourteen (14) days after the entry of this Order. In addition, the parties shall submit to the Court an agreed timeline setting forth deadlines by which Plaintiff's notices shall be mailed and consent forms returned.

The Clerk shall notify all parties and provide them with a signed copy of this Order.