# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

March 27, 2014

Lyle W. Cayce
Clerk

No. 14-30198

In re:  JAMES M. LEBLANC, Secretary, Louisiana Department of Public Safety and Corrections; BURL CAIN, WARDEN, LOUISIANA STATE PENITENTIARY; ANGELA NORWOOD, Warden, Death Row; LOUISIANA DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS,

Petitioners

Petition for a Writ of Mandamus
to the Middle District of Louisiana
USDC No. 3:12-CV-796

Before HIGGINBOTHAM, DENNIS, and GRAVES, Circuit Judges.

PER CURIAM:*

Petitioners, Louisiana corrections officials James M. LeBlanc, Burl Cain, and Angela Norwood, and the Louisiana Department of Public Safety and Corrections, seek a writ of mandamus from this Court to vacate the district court's discovery order.  Petitioners are defendants in a civil action brought against them under 42 U.S.C. § 1983 by Christopher Sepulvado, a Louisiana death-row inmate, along with other Louisiana death-row inmates not parties to this writ proceeding (together, "Sepulvado" or "plaintiffs"), who allege substantial constitutional violations in the manner by which the petitioners

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

plan to carry out their function of executing death-row inmates and seek declarative and injunctive relief therefrom.

In the course of discovery, with respect to his own execution, Sepulvado submitted requests for the production of a number of documents pursuant to Federal Rules of Civil Procedure 26 and 34, including a written protocol describing the chemical makeup of the lethal drugs and the method which the petitioners will use to execute him, together with the identity of the drugs' manufacturers and sources; the entities involved in supplying and testing those lethal chemicals; and the healthcare professionals who will be personally and directly involved in the process of carrying out the execution. (Dkt. Nos. 143, 153.) When presented with the request for these documents and materials, petitioners objected, claiming that the information sought was irrelevant to Sepulvado's lawsuit. The petitioners, however, do not contend that the information sought is privileged. The plaintiffs moved, pursuant to Federal Rule of Civil Procedure 37, for an order compelling discovery. The district court referred the matter to a magistrate judge for findings and recommendations, and the magistrate judge recommended that the district court order production of the data. The district court accepted the magistrate judge's recommendations and ordered the production of the information and materials. Seeking to limit distribution of the information, however, the district court issued a protective order limiting the number of people associated with Sepulvado who could examine the information with respect to the individual healthcare providers' identities. Ultimately, after a series of exchanges between the parties, the district court amended its order to provide that the disclosure of all of the information described in the court's March 5, 2014 order (Dkt. No. 143), "be limited to Plaintiff, Christopher Sepulvado, Plaintiff's counsel, Plaintiff's experts, and Court personnel." (Dkt. No. 153.)

No. 14-30198

Dissatisfied with the district court's ruling, petitioners filed a petition for a writ of mandamus under 28 U.S.C. § 1651(a) requesting that this Court vacate the district court's order granting plaintiffs' motion to compel discovery. In an order dated March 12, 2014, we temporarily stayed the district court's order to allow sufficient time to consider the State officials' petition and requested a response from the plaintiff, which Sepulvado provided.

"The remedy of mandamus is a drastic one, to be invoked only in extraordinary situations." *Kerr v. U.S. Dist. Court*, 426 U.S. 394, 402 (1976) (citing *Will v. United States*, 389 U.S. 90, 95 (1967); *Bankers Life & Cas. Co. v. Holland*, 346 U.S. 379, 382-85 (1953); *Ex parte Fahey*, 332 U.S. 258, 259 (1947)). As the Supreme Court observed, "the writ has traditionally been used in the federal courts only to confine an inferior court to a lawful exercise of its prescribed jurisdiction or to compel it to exercise its authority when it is its duty to do so." *Id.* (citing *Will*, 389 U.S. at 95) (internal quotation marks omitted). And, while courts "have not limited the use of mandamus by an unduly narrow and technical understanding of what constitutes a matter of 'jurisdiction,' the fact still remains that 'only exceptional circumstances amounting to a judicial "usurpation of power" will justify the invocation of this extraordinary remedy.'" *Id.* (citation omitted). This is a "drastic and extraordinary" remedy "reserved for really extraordinary causes." *Cheney v. U.S. Dist. Court for D.C.*, 542 U.S. 367, 380 (2004) (quoting *Ex parte Fahey*, 332 U.S. at 259-60).

"As the writ is one of the most potent weapons in the judicial arsenal, three conditions must be satisfied before it may issue. First, the party seeking issuance of the writ must have no other adequate means to attain the relief he desires—a condition designed to ensure that the writ will not be used as a substitute for the regular appeals process. Second, the petitioner must satisfy the burden of showing that his right to issuance of the writ is clear and

indisputable." *Cheney*, 542 U.S. at 380-81 (citations, alterations, and internal quotation marks omitted). Thus, a petitioner must show "not only that the district court erred, but that it clearly and indisputably erred[.]" *Occidental Petrol. Corp.*, 217 F.3d 293, 295 (5th Cir. 2000). "Third, even if the first two prerequisites have been met, the issuing court, in the exercise of its discretion, must be satisfied that the writ is appropriate under the circumstances." *Cheney*, 542 U.S. at 380-81 (citations, alterations, and internal quotation marks omitted). In general, "if a matter is within the district court's discretion, the litigant's right to a particular result cannot be 'clear and indisputable.'" *Kmart Corp. v. Aronds*, 123 F.3d 297, 300-01 (5th Cir. 1997). For that reason, interlocutory review of "ordinary discovery orders" is generally "unavailable, through mandamus or otherwise." *Cheney*, 542 U.S. at 381; *see In re United States*, 878 F.2d 153, 158 (5th Cir. 1989) (noting that "generally discovery and similar pretrial orders, even erroneous ones, are not reviewable on mandamus"). *Cf. Mohawk Indus., Inc. v. Carpenter*, 558 U.S. 100, 110 (2009) (citing view that "almost all interlocutory appeals from discovery orders would end in affirmance" because "the district court possesses discretion, and review is deferential") (quoting *Reise v. Bd. of Regents of Univ. of Wis. Sys.*, 957 F.2d 293, 295 (7th Cir. 1992)).

Considering the framework of these factors, the petitioners have not shown that they are clearly and indisputably entitled to the extraordinary remedy of a writ of mandamus in this case. "The discovery provisions of the Federal Rules of Civil Procedure allow the parties to develop fully and crystalize concise factual issues for trial. Properly used, they prevent prejudicial surprises and conserve precious judicial energies. The United States Supreme Court has said that they are to be broadly and liberally construed." *Burns v. Thiokol Chem. Corp.*, 483 F.2d 300, 304 (5th Cir. 1973) (citing *Hickman v. Taylor*, 1947, 329 U.S. 495, 507 (1947), and *Schlagenhauf*

4

*v. Holder*, 379 U.S. 104, 114-15 (1964)). "[D]iscovery matters are committed almost exclusively to the sound discretion of the trial [j]udge." *Id.* Federal Rule of Civil Procedure 26(b) sets the scope of discovery broadly, allowing parties to obtain discovery regarding "any nonprivileged matter that is relevant to any party's claim or defense." FED. R. CIV. P. 26(b). In general, information is discoverable if it "appears reasonably calculated to lead to the discovery of admissible evidence." *Id.*; *see, e.g.*, *Coughlin v. Lee*, 946 F.2d 1152, 1159 (5th Cir. 1991) ("Discoverable information is not limited to admissible evidence."). The district court may, for good cause, issue a protective order to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." FED. R. CIV. P. 26(c). "[T]he burden is upon [the party seeking the protective order] to show the necessity of its issuance, which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements." *In re Terra Int'l*, 134 F.3d 302, 306 (5th Cir. 1998) (citation omitted). District courts have broad discretion in determining whether to grant a motion for a protective order. *Harris v. Amoco Prod. Co.*, 768 F.2d 669, 684 (5th Cir. 1985). "The trial court is in the best position to weigh fairly the competing needs and interests of parties affected by discovery." *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984). "Because the issue of relevancy in discovery matters is subject to such a broad standard, a district court's decision will rarely be overturned by a petition for mandamus." *Kerr v. U.S. Dist. Court for N. Dist. of Cal.*, 511 F.2d 192, 197 (9th Cir. 1975), *aff'd*, 426 U.S. 394 (1976); *see Cheney*, 542 U.S. at 381 (interlocutory review of "ordinary discovery orders" is generally "unavailable, through mandamus or otherwise"); *In re United States*, 878 F.2d at 158 (noting that "generally discovery and similar pretrial orders, even erroneous ones, are not reviewable on mandamus").

No. 14-30198

The petitioners have not shown that they are entitled to mandamus. The petitioners received much of the relief they sought in their motion for a protective order: the district court directed them to turn over the requested information, but prohibited any party from receiving or sharing the information other than Sepulvado, his counsel, his approved experts, and court personnel. The petitioners have not shown that the district court clearly and indisputably abused its discretion in ordering the limited discovery to a narrowly circumscribed list of recipients. *See Cheney*, 542 U.S. at 380-81; *Occidental Petrol.*, 217 F.3d at 295 (before mandamus may issue, a petitioner must show "not only that the district court erred, but that it clearly and indisputably erred"). *Cf. Wiwa v. Royal Dutch Petrol. Co.*, 392 F.3d 812, 817 (5th Cir. 2004) (explaining that we will affirm district court discovery orders "unless they are arbitrary or clearly unreasonable").[1] In the exercise of our discretion, we are not satisfied that the writ is appropriate under the circumstances.

Accordingly, IT IS ORDERED that the petition for a writ of mandamus is DENIED. IT IS FURTHER ORDERED that the temporary stay of the district court's order is LIFTED.

---

[1] Petitioners' reliance on *In re Lombardi*, 741 F.3d 888 (8th Cir. 2014) (en banc), is misplaced. The court in *In re Lombardi* issued the writ because it determined that the plaintiffs failed to state a claim upon which relief could be granted, rendering any discovery as to those claims irrelevant. *See id.* at 896. The petitioners here do not challenge Sepulvado's underlying lawsuit; they challenge only the district court's discretionary discovery order.