# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

May 22, 2024

Lyle W. Cayce
Clerk

No. 24-40224

———————

IN RE NICHOLAS FUGEDI, *in his capacity as trustee of* THE CARB PURA VIDA TRUST,

*Petitioner.*

———————————————————

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 3:19-CV-249

———————————————————

Before CLEMENT, ENGELHARDT, and RAMIREZ, *Circuit Judges*.
IRMA CARRILLO RAMIREZ, *Circuit Judge*:[*]

Nicholas Fugedi (Petitioner) seeks a writ of mandamus directing the district court to end its alleged *ex parte* investigation and issue a decision in this suit to quiet title. Because he has not shown that this extraordinary remedy is warranted, the petition is DENIED.

## I

Yale Development, LLC, executed and recorded a General Warranty Deed conveying a property to the "CARB Pura Vida Trust" ("the Trust"). Soon after, in his capacity as its trustee, Petitioner filed this action to quiet title against several parties with liens on the property. The district court granted summary judgment for the defendants, finding that the conveyance

———————————

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

was invalid because the deed was void. *See id.* at *4. Petitioner appealed. We vacated and remanded, finding that the district court erred as a matter of law in declaring the deed void. *See Fugedi as Tr. Carb Pura Vida Tr. v. Initram, Inc.*, No. 21-40365, 2022 WL 3716198 (5th Cir. Aug. 29, 2022). Although the parties raised the issue of jurisdiction on appeal, we declined to resolve it, noting that remand was the appropriate remedy when diversity jurisdiction was in question, but there was some reason to believe it existed. *Id.* (citing *MidCap Media Fin., LLC v. Pathway Data, Inc.*, 929 F.3d 310, 316 (5th Cir. 2019)).

On September 27, 2022, a week after the remand, the court held a status conference to set a briefing schedule during which he explained that, based on the history of the case, the parties were not to engage in excessive briefing. By October 6, 2022, the parties had filed four motions and four miscellaneous filings. The court struck nonconforming documents and again asked the parties to refrain from "fil[ing] lengthy documents untethered to any motion, response, or reply" because that made the docket difficult to navigate. By October 14, 2022, however, the parties had added another 10 entries to the docket, including Petitioner's motion for summary judgment. The court subsequently implemented a rule requiring the parties to request permission before filing any motion by filing a short letter with the court.

A week later, the defendants filed a motion to dismiss along with hundreds of pages of exhibits without seeking leave. They argued in part, that under 28 U.S.C. § 1359, the court lacked jurisdiction because Petitioner was a sham trustee appointed only to invoke diversity jurisdiction. On November 4, the defendants filed a motion for summary judgment with hundreds of pages of exhibits without seeking leave from the court. For the next several weeks, the parties filed several responses, replies, letters, and objections to exhibits.

No. 24-40224

Noting that there were several motions pending before it, on January 17, 2023, the court asked the parties to submit a joint letter listing the order in which it should consider the motions. The parties could not agree on which motions should be prioritized, only that the competing motions for summary judgment should be considered together. For the next eight months, the parties filed dozens of letters, motions, responses, and replies. The court did not rule on any motions during this time.

On October 4, 2023, the court set a hearing on the parties' competing summary judgment motions, the defendants' motion to dismiss, and other motions. The hearing was reset three times and it was ultimately held on November 14, 2023.[1]

On March 8, 2024, the court issued an order explaining that after reviewing the motion to dismiss, it was not satisfied that diversity jurisdiction existed, and it set a hearing for the purpose of questioning Petitioner under oath. At the hearing on March 27, 2024, the court examined Petitioner to determine whether the court had jurisdiction. Petitioner's and the defendants' counsel were then allowed to cross-examine him. During the hearing, Petitioner's counsel asked the court which facts and evidence it was relying on to assert that there may have been "collusive jurisdiction." The court disclosed the facts and caselaw supporting its jurisdictional concerns and stated that it had reviewed every document on the docket, but it "[had] to make evidentiary decisions and consider what [it] [could] and what [it] [could not] consider."

---

[1] After hearing argument, the court allowed the parties to file five-page briefs on the issues and continued the hearing until December 18, 2023. Petitioner's brief exceeded the five-page limit, and the court struck it from the record.

At the end of the hearing, at the parties' request, the court permitted briefing on the jurisdictional issue by April 5, 2024. After filing his briefing, Petitioner filed this petition on April 8, 2024, before the court made a ruling. He now asks us to direct the court to cease its "*ex parte* independent investigation" concerning jurisdiction and to issue a decision in this matter within sixty days.

II

Petitioner argues that the court's jurisdictional inquiry is an improper independent investigation. He also accuses the court of "reading the random unauthenticated and inadmissible filings by [the defendants'] counsel," or "looking outside the record," or both, thereby depriving him of Due Process, and causing an unreasonable delay.

"A writ of mandamus is 'a drastic and extraordinary remedy reserved for really extraordinary cases'" that may be issued if three conditions are met. *In re JPMorgan Chase & Co.*, 916 F.3d 494, 499 (5th Cir. 2019) (quoting *In re Depuy Orthopaedics, Inc.*, 870 F.3d 345, 350 (5th Cir. 2017)). "First, the petitioner must have 'no other adequate means to attain the relief he desires.'" *Id.* (quoting *Cheney v. U.S. Dist. Court*, 542 U.S. 367, 380 (2004)). "That is a high bar . . . ." *In re Depuy*, 870 F.3d at 352. Second, the court "'must be satisfied that the writ is appropriate under the circumstances.'" *In re JPMorgan Chase*, 916 F.3d at 499 (citation omitted). Third, the petitioner must demonstrate a "'clear and indisputable right to the writ.'" *Id.* This "require[s] more than showing that the district court misinterpreted the law, misapplied it to the facts, or otherwise engaged in an abuse of discretion." *Id.* (quoting *In re Lloyd's Reg. N. Am., Inc.*, 780 F.3d 283, 290 (5th Cir. 2015)). There must be "'clear abuses of discretion that produce patently erroneous results.'" *In re Lloyd's Reg.*, 780 F.3d at 290 (citation

omitted). In essence, Fugedi must show that the district court "*clearly and indisputably erred.*" *In re JPMorgan Chase*, 916 F.3d at 499 (citation omitted).

A

Petitioner has not shown that he is clearly and indisputably entitled to this drastic and extraordinary remedy.

First and foremost, "[a] district court's obligation to consider a challenge to its jurisdiction is non-discretionary." *In re Gee*, 941 F.3d 153, 159 (5th Cir. 2019). "An appropriate jurisdictional challenge triggers a 'duty of making further inquiry as to [the court's] own jurisdiction.'" *In re Paxton*, 60 F.4th 252, 256 (5th Cir. 2023) (alteration in original) (citation omitted). In fact, "violating a non-discretionary duty necessarily creates a clear right to relief because the court lacked authority to deviate from that duty." *Id.* Any challenge to the court's jurisdictional inquiry on the grounds that it simply should not make it fails. *See Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981) ("[T]he district court is not limited to an inquiry into undisputed facts. It may hear conflicting written and oral evidence and decide for itself the factual issues which determine jurisdiction.").

Moreover, Petitioner has failed to show that the court looked beyond the record at any point in this matter. He does not point to any factual support for these allegations, and none is apparent from the record.[2] He also accuses the court of improperly reading and considering the defendants' "fanciful," "random," "unauthenticated," and "altered" exhibits and documents. A

---

[2] Petitioner asserts that the court refused to "identify the record," and accuses it of leaving him in the dark about any off-the-record information it reviewed or considered. The court was forthcoming about the facts, caselaw, and evidence it was relying on, however, and stated that it would make evidentiary rulings. Because the record does not reflect that the court engaged in any *ex parte* research or withheld information, this argument fails.

court cannot determine whether evidence is relevant or admissible without first reviewing it, however.[3]

As for his claim of delay, Petitioner filed this petition just three days after submitting his post-hearing brief. Although he complains that the issue was remanded over eighteen months ago, the record reflects the court's consistent attempts to manage the docket, the parties' disregard of its instructions and rules through continued numerous and extensive unauthorized filings, and failure to participate in determining which motions needed to be prioritized. Petitioner has not shown that he is entitled to the drastic and extraordinary remedy of mandamus to expedite a ruling under these circumstances.

\*   \*   \*

The petition for writ of mandamus is DENIED.

---

[3] Petitioner also argues that the court inequitably enforced the rule requiring the parties to seek permission to file a motion by striking his filings for non-compliance more often than those filed by the defendants. A review of the record does not reveal any such inequity, and this is not the kind of act that warrants such an extraordinary remedy. *See In re LeBlanc*, 559 F. App'x 389, 392 (5th Cir. 2014) ("[I]f a matter is within the district court's discretion, the litigant's right to a [writ of mandamus] cannot be 'clear and indisputable.'" (quoting *Kmart Corp. v. Aronds*, 123 F.3d 297, 300–01 (5th Cir.1997))).