DAYTON BOARD OF EDUCATION *v.* BRINKMAN ET AL.

No. A–212.    Decided August 30, 1978

MR. JUSTICE REHNQUIST.

The applicant, Dayton Board of Education, has presented to me an application for stay of the judgment and mandate of the Court of Appeals for the Sixth Circuit, which has been denied by MR. JUSTICE STEWART. In his in-chambers opinion MR. JUSTICE STEWART stated:

"The applicant urges that this case be stayed because it raises many of the issues presented by *Columbus Board of Education* v. *Penick, ante,* p. 1348. MR. JUSTICE REHNQUIST stayed the mandate of the Sixth Circuit in that case on August 11, 1978. A crucial distinction between these cases leads me to believe that this application should be denied. Columbus had never been the subject of a school desegregation remedy; the Dayton system, by contrast, will enter *its* third year under the current plan on September 7. In *Columbus* the status quo was preserved by granting a stay; here it can be preserved only by denying one. To avoid disrupting the school system during our consideration of the case, the stay should be denied. This disposition, of course, does not reflect any view on the merits of the issues presented." *Ante,* at 1357.

I am in complete agreement with MR. JUSTICE STEWART that there is a difference between the status quo in the Dayton

school system and that in the Columbus school system. Since the maintenance of the status quo is an important consideration in granting a stay, I agree with MR. JUSTICE STEWART that the application for a stay should be denied.