# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

August 12, 2016

Lyle W. Cayce
Clerk

_____

No. 16-60477

_____

RIMS BARBER; CAROL BURNETT; JOAN BAILEY; KATHERINE ELIZABETH DAY; ANTHONY LAINE BOYETTE; DON FORTENBERRY; SUSAN GLISSON; DERRICK JOHNSON; DOROTHY C. TRIPLETT; RENICK TAYLOR; BRANDILYNE MANGUM-DEAR; SUSAN MANGUM; JOSHUA GENERATION METROPOLITAN COMMUNITY CHURCH,

        Plaintiffs - Appellees

v.

GOVERNOR PHIL BRYANT, State of Mississippi; JOHN DAVIS, Executive Director of the Mississippi Department of Human Services,

        Defendants - Appellants

_____

Appeal from the United States District Court
for the Southern District of Mississippi

_____

Before DENNIS, HAYNES, and GRAVES, Circuit Judges.

JAMES E. GRAVES, JR., Circuit Judge:

In 2016, the Mississippi Legislature passed the "Protecting Freedom of Conscience from Government Discrimination Act", better known as House Bill 1523 ("HB 1523"). HB 1523 declares that its aim is "to provide certain protections regarding a sincerely held religious belief or moral conviction for persons, religious organizations and private associations." The Act enumerates the beliefs as follows: "(a) Marriage is or should be recognized as the union of one man and one woman; (b) Sexual relations are properly reserved to such a

marriage; and (c) Male (man) or female (woman) refer to an individual's immutable biological sex as objectively determined by anatomy and genetics at time of birth." Miss. Laws 2016, HB 1523 § 2 (eff. July 1, 2016).

Members of the clergy, organizations, and other citizens of the State of Mississippi are challenging HB 1523. They contend that it violates both the Establishment Clause of the First Amendment and the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution. The district court determined that it should preliminarily enjoin the enactment and enforcement of HB 1523. The State has moved for a stay pending appeal.

## I.

"A stay is an intrusion into the ordinary processes of administration and judicial review, and accordingly is not a matter of right, even if irreparable injury might otherwise result to the appellant." *Nken v. Holder*, 556 U.S. 418, 427 (2009) (quotation marks and citation omitted). In deciding whether to stay a preliminary injunction pending appeal, we consider four factors:

> (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.

*Id.* at 426. "The first two factors of the traditional standard are the most critical." *Id.* at 434. Also, "the maintenance of the status quo is an important consideration in granting a stay." *Dayton Board of Education v. Brinkman*, 439 U.S. 1358, 1359 (1978). *See also Houchins v. KQED, Inc.*, 429 U.S. 1341, 1346 (1977). And "we do not decide the merits of the State's appeal from the lower court's injunction; instead, we consider only whether the district court's injunction should be stayed pending complete review." *Ruiz v. Estelle*, 650 F.2d 555, 565 (5th Cir. 1981).

## II.

This court has considered the State's motion on the basis of the briefs, the detailed opinion of the district court, and the applicable law. Mindful that we are considering only whether to grant a stay of a preliminary injunction pending appeal, and further considering that our decision maintains the status quo in Mississippi as it existed before the Legislature's passage and attempted enactment of HB 1523, the State's motion for stay pending appeal is DENIED, as is its motion to expedite this appeal. The State's motion to consolidate this case with 16-60478, *Campaign for Southern Equality, et al v. Phil Bryant, et al* (5th Cir. 2016) is GRANTED.