# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

April 13, 2020

Lyle W. Cayce
Clerk

————

No. 20-50296

————

In re:  GREG ABBOTT, in his official capacity as Governor of Texas; KEN PAXTON, in his official capacity as Attorney General of Texas; PHIL WILSON, in his official capacity as Acting Executive Commissioner of the Texas Health and Human Services Commission;  STEPHEN BRINT CARLTON, in his official capacity as Executive Director of the Texas Medical Board; KATHERINE A. THOMAS, in her official capacity as the Executive Director of the Texas Board of Nursing,

     Petitioners

————————

On Petition for Writ of Mandamus to
the United States District Court
for the Western District of Texas

————————

Before DENNIS, ELROD, and DUNCAN, Circuit Judges.

PER CURIAM:

On April 10, 2020, Petitioners filed an emergency motion to stay the district court's order (Doc. 63) temporarily restraining executive order GA-09, pending our consideration of their mandamus petition. Having addressed emergency motions concerning GA-09 more than once in the past week, we refer readers to our description of this fast-moving litigation elsewhere. *See In re Abbott*, --- F.3d ---, 2020 WL 1685929, at *2–4 (5th Cir. Apr. 7, 2020) (*Abbott II*). For present purposes, suffice it to say that GA-09 is an emergency public health measure, issued by the Governor of Texas on March 22, 2020, that postpones non-essential surgeries and procedures until April 22 in the face of

the COVID-19 pandemic. *Id.* at *2–3. GA-09 applies to a broad range of procedures, does not mention abortion, and contains exceptions for procedures immediately necessary to preserve the life or health of patients. *Id.* at *3, 9-10. GA-09 is enforceable by both criminal and administrative penalties and is currently set to expire after 11:59 p.m. on April 21, 2020. *Id.* at *3.

On March 30, the district court entered a TRO against GA-09 as applied to all abortion procedures. *Planned Parenthood Ctr. for Choice et al. v. Abbott*, 2020 WL 1502102, at *4 (W.D. Tex. Mar. 30, 2020) (*Abbott I*). We administratively stayed that TRO on March 31 and, on April 7, we issued a writ of mandamus directing the district court to vacate its TRO. *Abbott II*, 2020 WL 1685929, at *2. In doing so, we explained that the challenge to GA-09 must be analyzed under the controlling legal standards set forth in *Jacobson v. Commonwealth of Massachusetts*, 197 U.S. 11 (1905). *See Abbott II*, 2020 WL 1685929, at *2. We emphasized that our decision was based only on the record before us, and that both sides would presumably have a chance to present evidence concerning narrower remedies at a preliminary injunction hearing then scheduled for April 13. *Id.* at *2.

The next day, April 8, the district court vacated its TRO and cancelled the April 13 preliminary injunction hearing. Doc. 54. The district court stated it "anticipates that the governor will extend or amend and extend [GA-09] to a date past April 21, 2020," and that "[i]t makes no sense to take up the request for [a] preliminary injunction until the parties and the court have the benefit of any subsequent order." Doc. 58 at 3. The district court therefore ordered the parties to confer and agree to a schedule and procedures for the yet-undetermined preliminary injunction hearing. *Id.*

That same day Respondents sought another TRO, which the district court granted the next day, April 9, following a brief telephone hearing at which Petitioners were not allowed to present evidence or file an opposition.

Transcr. of 4/9/20 Tel. Conf. at 14:39; *Planned Parenthood Ctr. for Choice v. Abbott*, 2020 WL 1815587 (W.D. Tex. Apr. 9, 2020) (*Abbott III*). The April 9 TRO prevents GA-09 from applying, until April 19, to three categories of abortion: (1) medication abortions; (2) abortions for women who would be more than 18 weeks LMP ("last menstrual period") by April 22 and unable to reach an ambulatory surgical center; and (3) abortions for women who would be past Texas's legal limit—22 weeks LMP—for abortion by April 22. *Abbott III*, 2020 WL 1815587, at *7. On April 10, Petitioners sought another writ of mandamus from our court, as well as an emergency stay. Later that day, we granted a partial administrative stay of the TRO, except as to the part applying to women who would be 22 weeks LMP by April 22. We expedited briefing on both the emergency stay motion and the mandamus petition.

We now consider Petitioners' motion for emergency stay of the April 9 TRO as it applies to the provision of medication abortions. Four factors guide our analysis: (1) whether Petitioners have made a strong showing of entitlement to mandamus; (2) whether Petitioners will be irreparably harmed absent a stay; (3) whether other parties will be substantially harmed by a stay; and (4) the public interest. *See Nken v. Holder*, 556 U.S. 418, 426 (2009); *ODonnell v. Goodhart*, 900 F.3d 220, 223 (5th Cir. 2018). "The first two factors are the most critical." *ODonnell*, 900 F.3d at 223 (citing *Barber v. Bryant*, 833 F.3d 510, 511 (5th Cir. 2016)).

The first inquiry is whether Petitioners have made a strong showing they are entitled to mandamus. *Nken*, 556 U.S. at 426. To be entitled to mandamus relief, Petitioners must demonstrate, *inter alia*, "a clear abuse of discretion that produces patently erroneous results." *In re JPMorgan Chase & Co.*, 916 F.3d 494, 500 (5th Cir. 2019) (cleaned up). We have serious concerns about whether the district court's April 9 TRO adhered to our order in *Abbott II*. For example, despite citing the decision once, the TRO does not discuss or apply

"the framework governing emergency public health measures like GA-09," established by the Supreme Court in *Jacobson*. *Abbott II*, 2020 WL 1685929, at *1. Nor does the TRO appear to "careful[ly] pars[e] . . . the evidence," *id.* at *11, developed after a hearing at which "all parties [would] presumably have the chance to present evidence on the validity of applying GA-09 in specific circumstances," *id.* at *2—something our decision emphasized.[1] Finally, the TRO persists in "usurp[ing] the state's authority to craft emergency health measures" by "substitut[ing] [the court's] own view of the efficacy of applying GA-09 to abortion." *Id.* at *1; *cf. Abbott III*, 2020 WL 1815587, at *4 (finding "delaying access to abortion will not conserve [personal protective equipment]" "[b]ecause individuals with ongoing pregnancies require more in-person healthcare . . . than individuals who have previability abortions").

Conversely, however, we have doubts about Petitioners' showing as to medication abortions. As to that category, Respondents argue that medication abortions are not covered by GA-09 because neither dispensing medication nor ancillary diagnostic elements (such as a physical examination or ultrasound) qualify as "procedures." Guidance by the Texas Medical Board may support this interpretation of the order.[2] Furthermore, the parties' helpful written responses to our questions did not settle whether GA-09 applies to medication

---

[1] *See*, *e.g.*, *id.* at *2 (noting "[t]he district court has scheduled a telephonic preliminary injunction hearing for April 13, 2020," after which the court could "make targeted findings, based on competent evidence, about the effects of GA-09 on abortion access"); *id.* at *12 (noting that the question of a narrowly tailored injunction could be pursued by "the parties . . . at the preliminary injunction stage"); *id.* at *13 (noting that "Respondents will have the opportunity, of course, to present additional evidence" on pretext "in conjunction with the district court's preliminary injunction hearing scheduled for April 13, 2020").

[2] *See* Texas Medical Board, Frequently Asked Questions Regarding Non-Urgent, Elective Surgeries and Procedures During Texas Disaster Declaration for COVID-19 Pandemic (Mar. 29, 2020), http://www.tmb.state.tx.us/idl/59C97062-84FA-BB86-91BF-F9221E4DEF17 (explaining "[a] 'procedure' [under GA-09] does not include physical examinations, non-invasive diagnostic tests, the performing of lab tests, or obtaining specimens to perform laboratory tests").

abortions. Given the ambiguity in the record, we conclude on the briefing and record before us that Petitioners have not made the requisite strong showing of entitlement to mandamus relief. Because a failure on that first inquiry is sufficient to deny the stay, we need not proceed to the remaining prongs.

We express no ultimate decision on the ongoing mandamus proceeding or on the remaining aspects of the emergency stay motion.

***

IT IS ORDERED that Petitioners' emergency motion to stay the district court's April 9 TRO is DENIED as to medication abortions. We also DISSOLVE the temporary administrative stay as it applies to medication abortions.


JAMES L. DENNIS, Circuit Judge, concurring.

I concur in the majority's conclusion that the petitioners have failed to make a strong showing that they are entitled to mandamus with respect to medication abortions. The petitioners' stated desire to enforce GA-09 against medication abortions despite the executive order's apparent inapplicability is a strong indication that the enforcement is pretextual and does not bear a "'real or substantial relation' to the public health crisis" we are experiencing. *In re Abbott*, --- F.3d ---, 2020 WL 1685929, at *7 (5th Cir. Apr. 7, 2020) (quoting in *Jacobson v. Commonwealth of Massachusetts*, 197 U.S. 11, 31 (1905).

I disagree, however, with the majority's unnecessary critique of the district court's decision. I believe the district court properly exercised its inherent authority "to manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases" in choosing to issue a second TRO rather than to immediately proceed to a hearing on a preliminary injunction as the majority suggested in its last mandamus opinion. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991) (quoting *Link v. Wabash R. Co.*, 370 U.S. 626, 630–631 (1962)). Further, far from "usurp[ing] the state's authority to craft emergency

health measures" by "substitut[ing] [the court's] own view of the efficacy of applying GA-09 to abortion," I believe the court properly considered the evidence to determine whether "beyond question, GA-09's burdens outweigh its benefits" when applied to medication abortions, as the majority previously instructed. *Abbott*, 2020 WL 1685929, at *1, 9 (internal quotations omitted).

Accordingly, I concur only in the denial of the petitioner's emergency motion as it applies to medication abortions and to the corresponding dissolving of the administrative stay.