# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

June 19, 2020

Lyle W. Cayce
Clerk

No. 20-50318

In re:  SPIROS PARTNERS, LIMITED, doing business as Rick's Cabaret San
Antonio,

      Petitioner

Petition for a Writ of Mandamus to the United States
District Court for the Western District of Texas
USDC No. 5:19-CV-866

Before HIGGINBOTHAM, SOUTHWICK, and WILLETT, Circuit Judges.

PER CURIAM:*

The case underlying this petition for a writ of mandamus is a Fair Labor
Standards Act putative collective action suit.  The district court ordered
production that, according the petitioner, exceeded the district court's power.
We DENY in part and GRANT in part.

Plaintiff-respondent Jennifer Bailey worked as a dancer at a club in San
Antonio, Texas, operated by defendant-petitioner Spiros Partners, Limited.  To
work there, Bailey signed an Entertainer's License Agreement ("ELA"), which
included an arbitration provision and a waiver of the right to participate in a
class action or collective action.  The ELA stated the costs of arbitration should

---

   * Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH
CIR. R. 47.5.4.

No. 20-50318

be equally shared between the parties, and those costs would ultimately be awarded to the prevailing party.

Bailey filed a demand for arbitration with the American Arbitration Association alleging FLSA violations, which was ultimately dismissed.

Bailey filed an FLSA collective-action complaint in the United States District Court for the Western District of Texas, alleging FLSA violations on behalf of herself and other similarly situated individuals. Bailey filed a motion to conditionally certify the FLSA collective and "for notice to potential plaintiffs."

At a motion hearing, the magistrate judge stated that he needed to review all putative collective members' ELAs to decide whether the arbitration agreements therein were valid. Spiros's counsel agreed that Spiros had a burden to show these agreements existed and were valid, and he stated that they "could be readily produced." Bailey's counsel did not dispute that the putative members would have been required to sign "substantially similar" ELAs and made clear he was not asking for Spiros to produce them. The magistrate judge, though, decided that "[d]espite the parties' apparent agreement that I don't need to look at the potential putative members' arbitration agreements, I disagree. I have to see." The magistrate judge ordered Spiros to produce to Bailey (1) the names of all current and former dancers at the club from July 2016 to the present and (2) copies of the ELAs for the named individuals, as well as any evidence they had made claims similar to Bailey's and whether any such claims had been presented for arbitration. The magistrate judge's order also instructed that (3) this information could be used only for litigating the issues before the court and that the parties submit proposed protective orders to that end. The district court overruled Spiros's objection to the magistrate judge's order and declined

No. 20-50318

to certify an interlocutory appeal. Spiros subsequently filed this petition for a writ of mandamus.

## DISCUSSION

Three conditions must be met for a writ of mandamus to issue. *See Cheney v. U.S. Dist. Court for D.C.*, 542 U.S. 367, 380 (2004). First, the petitioner "must have no other adequate means to attain the relief he desires." *Id.* Second, the petitioner must demonstrate his right "to issuance of the writ is clear and indisputable." *Id.* at 381. Third, "the issuing court, in the exercise of its discretion, must be satisfied that the writ is appropriate under the circumstances." *Id.* We first address the portion of the petition that does not convince us, then turn to the portion that does.

## I.     *Names and ELAs; limited use and submission of protective orders*

To satisfy the second prong of the mandamus test, a petitioner must demonstrate that the district court clearly and indisputably erred. *In re Occidental Petroleum Corp.*, 217 F.3d 293, 295 (5th Cir. 2000). On the one hand, it is error for a district court to send notice of a collective action to putative members who are subject to a valid arbitration agreement. *In re JPMorgan Chase & Co.*, 916 F.3d 494, 501, 503 (5th Cir. 2019). On the other, if there is a genuine dispute as to the "existence or validity" of any arbitration agreement, a district court "should permit submission of additional evidence, carefully limited to the disputed facts," to determine whether an arbitration agreement exists and if so whether it is valid. *Id.* at 502–03.

Unlike in *JPMorgan*, the district court here did not order notice to be sent to putative collective members. *Id.* at 498. Instead, it determined there was a genuine dispute as to the arbitration agreements' validity and ordered Spiros to produce the names of the putative members along with their

3

respective ELAs containing the arbitration agreements. The district court did not err by taking this step in deciding which putative members are subject to valid arbitration agreements, and thus which putative members will not receive notice.

The district court's discretion, though, must not be used "merely to stir up litigation." *Id.* at 504 (alterations omitted). Recognizing that limit, the district court also ordered that the information produced not be used for any purpose outside litigating the present matter. The parties submitted a proposed protective order to create such limits. No error there.

Spiros has not shown that its right to a writ of mandamus to prevent the disclosure of the individual names and their ELAs is clear and indisputable.

## II.    *Evidence of claims, arbitrations, and outcomes*

As we have explained, if the existence or validity of an arbitration agreement is in genuine dispute, a district court should permit submission of evidence "carefully limited to the disputed facts" before making its determination on this question. *Id.* at 503. This is to ensure it does not send improper notice to a putative member with a clearly valid arbitration agreement. *Id.* at 501. Nevertheless, notice to a putative member is permitted if "nothing in the agreement would prohibit that employee from participating in the collective action." *Id.*

Here, only the validity of individual arbitration agreements is in dispute. Resolving that dispute will decide which, if any, putative members may receive notice. The only way a putative member with a valid arbitration agreement might receive notice is if "nothing in the agreement" prohibits their participation in the collective action. *Id.* We conclude the district court went too far by requiring submission of evidence regarding whether Spiros has arbitrated claims with other would-be collective members. Such discovery is

not "carefully limited to the disputed facts" and would invite evidence of matters that are not "in the agreement." *Id.*

Regarding the factors for issuance of the writ, we conclude it was clear and indisputable error to require production of such evidence. In the absence of permission to bring an interlocutory appeal — permission which the district court denied — Spiros has no other adequate means to attain relief before the issue becomes moot by compliance with the order. Finally, as to whether a writ of mandamus is appropriate, we weigh such factors as the need for judicial neutrality and the avoidance of rulings that unnecessarily stimulate litigation. In addition, Bailey never requested production of evidence regarding other arbitrations and their outcomes. All of that satisfies us that a writ of mandamus is appropriate as to this portion of the order under these circumstances.

* * *

We DENY the petition for a writ of mandamus as to the part of the district court's order requiring Spiros to produce the names of the relevant individuals and the respective ELAs. The limitations on the use of that information and the protective order also remain in effect. We GRANT the petition for a writ of mandamus as to the order regarding production of evidence on whether similar claims had been presented for arbitration and related outcomes. We REMAND with instructions to vacate that portion of the order.