# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
April 21, 2021

Lyle W. Cayce
Clerk

No. 20-30685
Summary Calendar

CHRISTOPHER FORET,

*Plaintiff—Appellant*,

*versus*

WASTE CONNECTIONS BAYOU, INCORPORATED, formerly known as PROGRESSIVE WASTE SOLUTIONS OF LA, INCORPORATED; ACE AMERICAN INSURANCE COMPANY,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:20-CV-467

Before JOLLY, ELROD, and GRAVES, *Circuit Judges*.

PER CURIAM:*

For this court to exercise appellate jurisdiction, we must first determine whether the district court's order staying Mr. Foret's case was a final appealable judgment for purposes of 28 U.S.C. § 1291. An order staying

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 20-30685

judicial proceedings is ordinarily not considered final and is hence not appealable. *Kershaw v. Shalala*, 9 F.3d 11, 13–14 (5th Cir. 1993) (citing *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 10 n.10 (1983)). Since we find no applicable exception to that rule, we dismiss the appeal for lack of jurisdiction.

## I.

The district court learned of an ongoing criminal investigation potentially involving the counsel or parties to this action, the details of which are not widely known. At a status conference, the district court suggested that defendant-appellee file a motion to stay. Defendant-appellee did so. The district court then issued a written order that provided a detailed explanation of why a stay was warranted, granted the motion, and stayed the case pending completion of the criminal investigation.

This case was one of twelve or thirteen cases involving similar car accidents on Interstate Ten in New Orleans where several judges in the Eastern District of Louisiana issued stays due to an ongoing criminal investigation. The fact patterns all involve alleged collisions with commercial vehicles on I-10 and plaintiff-appellant's counsel in this case represents or represented the plaintiffs in those cases.

## II.

As mentioned, a grant of a motion to stay is not typically considered a final order and is hence not appealable. *Kershaw*, 9 F.3d at 13–14; § 3914.13 Finality—Orders Prior to Trial—Stay Orders, 15A Fed. Prac. & Proc. Juris. § 3914.13 (2d ed.). Even so, Mr. Foret contends that we have jurisdiction under the collateral order doctrine and argues in the alternative that his motion should be considered a petition for a writ of mandamus. Neither argument convinces.

No. 20-30685

For the collateral order doctrine to apply, (1) the order must finally dispose of an issue so that the district court's decision may not be characterized as tentative, informal, or incomplete; (2) the question must be serious and unsettled; (3) the order must be separable from, and collateral to, the merits of the principle case; and (4) there must be a risk of important and irreparable loss if an immediate appeal is not heard because the order will be effectively unreviewable on appeal from final judgment. *Kershaw*, 9 F.3d at 14; *Equal Emp. Opportunity Comm'n v. Kerrville Bus Co., Inc.*, 925 F.2d 129, 134 (5th Cir. 1991); *Acosta v. Tenneco Oil Co.*, 913 F.2d 205, 207–08 (5th Cir. 1990).

Mr. Foret makes no argument as to how the motion to stay qualifies for review as a collateral order. In conclusory fashion, he simply says it does. Regardless, we fail to see how the stay either risks irreparable loss or presents a need for this court to immediately review the order because it disposes of an issue or presents a serious question in need of a prompt answer. At this point, the case has been stayed for only a few months and Mr. Foret does not argue that the stay will prejudice him or put him in a position where he will be unable to pursue his case once the stay has been lifted.

Further, a writ of mandamus is a drastic and extraordinary remedy, and a writ may issue only if Mr. Foret has shown a clear and indisputable right to it. *In re JPMorgan Chase & Co.*, 916 F.3d 494, 500 (5th Cir. 2019). "Satisfying this condition 'require[s] more than showing that the district court misinterpreted the law, misapplied it to the facts, or otherwise engaged in an abuse of discretion.'" *Id.* (citing *In re Lloyd's Register*, 780 F.3d 283, 290 (5th Cir. 2015)). Instead, Mr. Foret must demonstrate a "'clear abuse[] of discretion that produce[s] patently erroneous results.'" *Id.* Put differently, Mr. Foret must show not only that the district court erred but that it clearly and indisputably erred. *In re Occidental Petroleum Corp.*, 217 F.3d 293, 295 (5th Cir. 2000).

3

No. 20-30685

The district court here provided several reasons why it felt a stay was needed. Though there is no date certain for lifting the stay, Mr. Foret fails to show that the district court clearly and indisputably erred in concluding that this case presents "special circumstances" such that a stay would "prevent a party from suffering substantial and irreparable prejudice." *FDIC v. Maxxam, Inc.*, 523 F.3d 566, 592 (5th Cir. 2008) (quoting *SEC v. First Fin. Grp. of Tex., Inc.*, 659 F.2d 660, 668 (5th Cir. 1981)). The court provided a point-by-point analysis of six factors commonly considered when deciding whether to stay a case in light of a pending criminal investigation. *See Alcala v. Tex. Webb Cty.*, 625 F.Supp.2d 391, 399 (S.D. Tex. 2009) (collecting district court cases from within the Fifth Circuit applying these factors). It then concluded that a stay was justified and in the best interest of the parties considering the ongoing investigation and told the parties that it would lift the stay upon the investigation's completion. There is no indication that the investigation is dragging on unnecessarily. If it becomes apparent that the investigation is taking an excessive amount of time, and that any party is suffering from substantial and irreparable prejudice as a result, then the district court may need to reassess whether the stay is still warranted.

## III.

Accordingly, we DISMISS the appeal for lack of jurisdiction.