# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit
**FILED**
February 16, 2022
Lyle W. Cayce
Clerk

————————

No. 22-30066

————————

In re  Royal Street Bistro, L.L.C.; Picture Pro, L.L.C.;
Susan Hoffman,

*Petitioners.*

———————————————————————

Petition for a Writ of Mandamus
to the United States District Court
for the Eastern District of Louisiana
USDC No. 2:21-CV-2285
USDC No. 2:22-CV-144

———————————————————————

Before Jones, Duncan, and Engelhardt, *Circuit Judges.*

Per Curiam:

The motion for a writ of mandamus addressed to the district court is DENIED.[1]

A brief explanation of our conclusion is necessary because both the bankruptcy and district courts premised their denials of relief to the lessees, in part, on unnecessary and likely incorrect interpretations of the relationship between Sections 363 and 365 of the Bankruptcy Code.[2]  The petition for mandamus before us seeks to compel the district court to stay pending appeal

---

[1] The motion to file in excess of the word count limit is GRANTED.

[2] We have examined the appellants' other arguments and find them thoroughly rebutted in the bankruptcy and district court opinions.

of an order authorizing the debtor's Chapter 11 trustee to sell the debtor's real property on Bourbon Street, New Orleans free and clear of all claims, liens, and interests under 11 U.S.C. Sec. 363(f).

Two lessees of the property, together with the sole owner of the debtor, filed objections to the sale and an alternative request seeking either adequate protection under Section 363(e) or rejection of the leases, all of which the bankruptcy court denied. These lessees are insiders of the debtor company. They executed and recorded leases (for below-market rates) junior to the rights of the mortgagee AMAG. Had there been no bankruptcy, AMAG could have foreclosed under state law and wiped out the junior interests.[3] In fact, this is the first reason stated by the bankruptcy judge in denying their requests to prevent the Chapter 11 Trustee's sale or secure other relief. That consequence of state law is all that the bankruptcy court needed to decide this case, because both provisions of the Bankruptcy Code relevant here, Sections 363(f)(1) and 365(h)(1)(A)(ii), qualify what a debtor can do. Under the former provision, where "applicable nonbankruptcy law permits," the debtor may sell free and clear, 11 U.S.C. § 363(f), subject to providing "adequate protection" to the lessee, Section 363(e).[4] Under the latter provision, the debtor may "reject" a leasehold, but the lessee has the right to remain in the property through its term "to the extent that such rights are enforceable under applicable nonbankruptcy law," 11 U.S.C. § 365(h)(1)(A)(ii). Bankruptcy law, in other words, recognizes and defers to state law in these provisions. *Cf. Butner v United States*, 440 U.S. 48, 54-57, 99 S. Ct. 914, 917-19 (1979) (holding that, except where it

---

[3] None of the leases contained nondisturbance clauses that would have protected the lessees from situations like an AMAG foreclosure.

[4] No duty to provide adequate protection arose from this sale, however, where under the lease the lessee had zero residual value after AMAG's prior mortgage debt is satisfied.

specifically overrides state law, the Bankruptcy Code enforces applicable property rights created by state law).

The bankruptcy judge's first reason was well grounded on state law as just explained. Her second reason for denying relief was that one tenant (Portfolio LLC) had not paid any rent in many months, even at the very modest rate, and was thus in default. This provided another nonbankruptcy law basis for declining to allow that tenant to stop the sale free and clear. *See* 11 U.S.C. Sec. 363(f)(4).

However, the bankruptcy judge and the district court (on the lessees' attempted stay pending appeal) both made the mistake of relying on *Precision Indus., Inc. v. Qualitech Steel SBQ, LLC*, 327 F.3d 537 (7th Cir. 2003), for the excessively broad proposition that sales free and clear under Section 363 override, and essentially render nugatory, the critical lessee protections against a debtor-lessor under Section 365(h).[5] The lower courts also relied on *In re. Spanish Peaks Holdings II, LLC,* 872 F.3d 892, 899-900 (9th Cir. 2017), which essentially adopted *Qualitech,* but noted, importantly, that the leases there (as in this case) were legally subordinated to a senior mortgagee interest in the real property. *Spanish Peaks*, like the case before us, is susceptible of a narrower reading.

*Qualitech* had "the potential to profoundly impact the bankruptcy world," as one critical commentator stated. *See* Michael St. Patrick Baxter, *Section 363 Sales Free and Clear of Interests: Why the Seventh Circuit Erred in* Precision Industries v. Qualitech Steel, 59 Bus. Law. 475, 475 (2004); *see also* Robert M. Zinman, Precision *in Statutory Drafting: The* Qualitech *Quagmire and the Sad History of § 365(h) of the Bankruptcy Code*, 38 John

---

[5] *Id.* at 547 (holding that the terms of Section 365(h) do not supersede those of Section 363(f)).

Marshall L. Rev. 97 (2004) (acknowledging turmoil created by *Qualitech,* while offering a different statutory reading from Baxter); *Dishi & Sons v. Bay Condos LLC,* 510 Bankr. 696 (S.D.N.Y. 2014) (criticizing *Qualitech* and adopting a third reading of the interplay between Sections 363 and 365(h)).  Before *Qualitech,* most bankruptcy courts had rejected that decision's interpretation of the relevant provisions.  *See, e.g.*, *In re. Samaritan Alliance, LLC*, 2007 WL 4162918, at *4 (Bankr. E.D. Ky. Nov. 21, 2007); *In re. Haskell L.P.*, 321 B.R. 1, 9 (Bankr. D. Mass. 2005); *In re. Churchill Props. III, Ltd. P'ship*, 197 B.R. 283, 287-88 (Bankr. N.D. Ill. 1996); *In re. Taylor*, 198 B.R. 142, 167-68 (Bankr. D. S.C. 1996).  The arguments on either side of these issues are textually sophisticated, fact-laden, and deeply rooted in commercial law far beyond the scope of the mandamus petition before us. Both commentators' articles would agree, however, that the essential state law rights of the tenants in this case are limited by the senior mortgagee's prior lien on the Bourbon Street Property.  From that standpoint, neither Section 363(e) nor 365(h)(1)(A)(ii) offers protection.

None of this means that the bankruptcy and district courts' overstatement of their reasoning created the kind of serious misinterpretation of law or facts that may support one of the criteria for mandamus relief.  *See In re JPMorgan Chase & Co.,* 916 F.3d 494, 500 (5th Cir. 2019).  Courts must be cautioned, however, against blithely accepting *Qualitech*'s reasoning and textual exegesis.