**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

ANDREW HARRINGTON; KATIE LIAMMAYTRY; JASON LENCHERT; DYLAN BASCH,

*Plaintiffs-Appellees*,

v.

CRACKER BARREL OLD COUNTRY STORE, INC.,

*Defendant-Appellant*.

Nos. 23-15650 24-1979

D.C. No. 2:21-cv-00940-DJH

OPINION

Appeal from the United States District Court
for the District of Arizona
Diane J. Humetewa, District Judge, Presiding

Argued and Submitted February 7, 2025
Phoenix, Arizona

Filed July 1, 2025

Before: Michael Daly Hawkins, Richard R. Clifton, and
Bridget S. Bade, Circuit Judges.

Opinion by Judge Hawkins

# SUMMARY[*]

## Labor Law

The panel (1) vacated the district court's order granting preliminary certification of a collective action under the Fair Labor Standards Act and approving notice to a group of opt-in plaintiffs and (2) remanded for further proceedings.

29 U.S.C. § 216(b) allows employees alleging violations of minimum-wage and overtime-compensation requirements to litigate their claims collectively with other "similarly situated" plaintiffs. In a typical case, plaintiffs will, at some point around the pleading stage, move for preliminary certification of the collective action, contending that they have at least facially satisfied the "similarly situated" requirement. If the district court grants preliminary certification, then defendants may move for decertification at a later stage.

Here, a group of current and former employees of Cracker Barrel Old Country Store, Inc., alleged that Cracker Barrel violated the Fair Labor Standards Act in connection with its wages for tipped workers. The district court granted these plaintiffs' motion for preliminary certification and approved notice to a group of prospective opt-in plaintiffs, which included employees who may have entered into arbitration agreements with Cracker Barrel as well as out-of-state employees with no apparent ties to Cracker Barrel's operations in the forum state of Arizona.

---

[*] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

The panel held that the district court did not abuse its discretion in following the above-described two-step procedure in granting preliminary certification.  The panel also held that where the existence and validity of an arbitration agreement was in dispute, the district court was not required to determine the arbitrability of absent employees' claims prior to authorizing notice.

Joining the majority of other circuits reaching the issue, the panel held that *Bristol-Myers Squibb Co. v. Superior Court of Cal.*, 582 U.S. 255 (2017), applies in actions under the Fair Labor Standards Act in federal court.  Consequently, where the basis for personal jurisdiction in a collective action is specific personal jurisdiction, the district court must assess whether each opt-in plaintiff's claim bears a sufficient connection to the defendant's activities in the forum state.  Because the district court authorized nationwide notice on the mistaken assumption that it would not need to assess specific personal jurisdiction on a claim-by-claim basis, the panel vacated and remanded for further proceedings.

In a separate memorandum disposition, the panel affirmed the district court's denial of Cracker Barrel's motion to compel arbitration of a plaintiff's claims.

## COUNSEL

Nitin Sud (argued), Sud Law PC, Bellaire, Texas; Benjamin Pierce and John Sud, Attorneys at Law, Phoenix, Arizona; Monika Sud-Devaraj, Law Office of Monika Sud-Devaraj PLLC, Phoenix, Arizona; for Plaintiffs-Appellees.

James M. Coleman (argued) and Jason D. Friedman, Constangy Brooks Smith & Prophete LLP, Fairfax, Virginia; Steven B. Katz, Constangy Brooks Smith & Prophete LLP, Los Angeles, California; William W. Drury Jr., Renaud Cook Drury Mesaros PA, Phoenix, Arizona; for Defendant-Appellant.

Lauren E. Bateman and Allison M. Zieve, Public Citizen Litigation Group, Washington, D.C., for Amici Curiae Law Professors.

Matthew C. Helland, Nichols Kaster LLP, San Francisco, California, for Amicus Curiae National Employment Lawyers Association.

**OPINION**

HAWKINS, Circuit Judge:

The Fair Labor Standards Act of 1938 (the "FLSA") imposes certain minimum-wage and overtime-compensation requirements on employers and allows employees alleging violations of those requirements to litigate their claims collectively with other "similarly situated" plaintiffs. *See* 29 U.S.C. § 216(b). There is a "near-universal practice to evaluate the propriety of the collective mechanism—in particular, plaintiffs' satisfaction of the 'similarly situated' requirement—by way of a two-step 'certification' process." *Campbell v. City of Los Angeles*, 903 F.3d 1090, 1100 (9th Cir. 2018). In a typical case, "plaintiffs will, at some point around the pleading stage, move for 'preliminary certification' of the collective action, contending that they have at least facially satisfied the 'similarly situated' requirement." *Id.* The "sole consequence" of preliminary certification "is the sending of court-approved written notice" to prospective-plaintiff employees, who may opt to join into the collective action by filing a written consent with the court. *Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 75 (2013). Then, at a later stage in the proceedings "after the necessary discovery is complete," defendants may "move for 'decertification' of the collective action on the theory that the plaintiffs' status as 'similarly situated' was not borne out by the fully developed record." *Campbell*, 903 F.3d at 1100.

Here, a group of current and former employees ("Plaintiffs") of Cracker Barrel Old Country Store, Inc. ("Cracker Barrel") filed the underlying lawsuit alleging that Cracker Barrel violated the FLSA in connection with its

wages for tipped workers.  Following the two-step process just described, the district court granted Plaintiffs' motion for preliminary certification and approved notice to a group of prospective opt-in plaintiffs.  The group included employees that may have entered into arbitration agreements with Cracker Barrel as well as out-of-state employees with no apparent ties to Cracker Barrel's operations in Arizona—the forum state.

We granted Cracker Barrel's motion to permit this interlocutory appeal to answer three questions: (1) Did the district court follow the correct procedure in granting preliminary certification? (2) Was the district court required to determine the arbitrability of absent employees' claims prior to authorizing notice? (3) Does *Bristol-Myers Squibb Company v. Superior Court of California* (*Bristol-Myers*), 582 U.S. 255 (2017), apply in FLSA collective actions in federal court such that nationwide notice was inappropriate in this case?

We find no error in the district court's order with regard to the first two questions.  As to the third question, we join the majority of our sister circuits reaching the issue and hold that *Bristol-Myers* applies in FLSA collective actions in federal court.  Consequently, where the basis for personal jurisdiction in the collective action is specific personal jurisdiction, the district court must assess whether each opt-in plaintiff's claim bears a sufficient connection to the defendant's activities in the forum state.  Because the district court authorized nationwide notice on the mistaken assumption that it would not need to assess specific personal jurisdiction on a claim-by-claim basis, we vacate and remand for further proceedings consistent with this opinion.

## I.  Background.

Plaintiffs are current and former employees of Cracker Barrel who are not subject to the arbitration agreement that Cracker Barrel routinely presents to its employees through an online training program.[1]  They allege that Cracker Barrel violated the FLSA in connection with its use of tip credits and wages for tipped employees.

After several rounds of motions to dismiss and amendments to the operative complaint, Plaintiffs sought preliminary certification and authorization to send notice to a collective consisting of "all servers who worked for Cracker Barrel in states where it attempts to take a tip credit . . . over the last three years."  Cracker Barrel objected on the grounds that notice should not be sent to (1) employees who are subject to Cracker Barrel's arbitration agreement, and (2) employees outside of Arizona to the extent the district court would not have personal jurisdiction over their claims.

The district court granted Plaintiffs' motion and authorized notice over Cracker Barrel's objections.  Because questions of fact persisted as to which prospective plaintiffs were bound by Cracker Barrel's arbitration agreement, the district court decided to reserve judgment on that issue until the second stage of proceedings.  The district court then concluded that nationwide notice was permissible because the participation of one Arizona-based plaintiff was all that was needed to secure personal jurisdiction over Cracker Barrel for the collective action.  Given the novelty of the

---

[1] In a separate memorandum disposition, we affirm the district court's denial of Cracker Barrel's motion to compel arbitration of plaintiff Dylan Basch's claims.

issues before it, the district court also granted, in part, Cracker Barrel's motion to certify issues for interlocutory appeal, and we granted Cracker Barrel's subsequent petition for permission to bring this appeal.

## II.  Jurisdiction and Standard of Review.

We have jurisdiction under 28 U.S.C. § 1292(b).  We review a district court's management orders in a collective action for abuse of discretion.  *Dominguez v. Better Mortg. Corp.*, 88 F.4th 782, 791 (9th Cir. 2023).  We review questions of law de novo.  *FTC v. Qualcomm Inc.*, 969 F.3d 974, 993 (9th Cir. 2020).

## III.  Discussion.

We first address Cracker Barrel's challenges of the district court's process for granting preliminary certification and then the scope of the notice.

### A.  The Preliminary Certification Process.

The first issue on appeal—whether the district court followed a permissible procedure—is easily resolved. Under the FLSA, "workers may litigate jointly if they (1) claim a violation of the FLSA, (2) are 'similarly situated,' and (3) affirmatively opt in to the joint litigation, in writing." *Campbell*, 903 F.3d at 1100 (citing 29 U.S.C. § 216(b)).  The FLSA leaves the rest of the collective mechanism procedure open.  *See id.* at 1108.  As mentioned at the outset of this opinion, there is a generally accepted practice of following a two-step "certification" procedure.[2]

---

[2] FLSA cases have borrowed the "certification" and "decertification" terminology from the Rule 23 class action context, but we have cautioned that use of those terms is not meant to "imply that there should be any particular procedural parallels between collective and class

*Id.* at 1108–10.   In *Campbell*, we discussed the two-step approach at length and approved of its use in this circuit.   *Id.*

Relying on a recent decision of the Fifth Circuit, *Swales v. KLLM Transport Services, LLC*, 985 F.3d 430 (5th Cir. 2021), Cracker Barrel now asks us to abandon the two-step approach and instead adopt "a one-step mechanism that rigorously enforces at the outset of the litigation § 216(b)'s 'similarly situated' mandate."   But our court has already endorsed the two-step approach, and we are bound by that precedent.[3]   *See Miller v. Gammie*, 335 F.3d 889, 899 (9th Cir. 2003) (en banc).   Accordingly, we hold that the district court did not abuse its discretion by following the two-step approach outlined in *Campbell*.[4]

B.  Proposed Notice Recipients.

We next turn to the scope of the notice and address whether the district court permissibly authorized notice to

_____

actions."  *Campbell v. City of Los Angeles*, 903 F.3d 1090, 1102 (9th Cir. 2018).

[3] Contrary to Cracker Barrel's contention, *E.M.D. Sales, Inc. v. Carrera*, 604 U.S. 45 (2025), is not clearly irreconcilable with our decision in *Campbell*.  *E.M.D. Sales* held that the preponderance-of-the-evidence standard, rather than the clear-and-convincing-evidence standard, "applies when an employer seeks to show that an employee is exempt from the  minimum-wage and overtime-pay provisions" of the FLSA. *Id.* at 49, 54.  It said nothing about how a district court should manage a collective action or the procedure it should follow when determining whether to exercise its discretion to facilitate notice to prospective opt-in plaintiffs.  Cracker Barrel's motion for leave to file a supplemental brief is denied.

[4] *Campbell* did not address the standard the district court should apply in evaluating a preliminary certification motion.  903 F.3d at 1117.  We also do not reach that issue, as Cracker Barrel has challenged only the district court's use of the two-step procedural mechanism.

(1) employees that allegedly entered into arbitration agreements with the defendant, and (2) out-of-state employees with no apparent ties to the defendant's activities in the forum state.

### 1.   *Arbitration Agreements*.

Whether a district court may authorize notice to employees that allegedly entered into arbitration agreements with the defendant is an issue of first impression in our circuit.  The few circuits that have reached the issue have generally agreed that a district court may not do so if it is undisputed that the absent employees (prospective opt-in plaintiffs) are bound by valid arbitration agreements.  *See Bigger v. Facebook, Inc.*, 947 F.3d 1043, 1050 (7th Cir. 2020); *In re JPMorgan Chase & Co.*, 916 F.3d 494, 503 (5th Cir. 2019); *see also Clark v. A&L Homecare & Training Ctr., LLC*, 68 F.4th 1003, 1012 (6th Cir. 2023).  Where the issue remains in dispute, two circuits require district courts to permit discovery and hold an evidentiary hearing prior to preliminary certification.  *Bigger*, 947 F.3d at 1050; *In re JPMorgan Chase & Co.*, 916 F.3d at 502–03.  In those circuits, if an employer shows by a preponderance of the evidence that certain absent employees have agreed to arbitrate their claims, the district court may not authorize notice to those employees.  *See Bigger*, 947 F.3d at 1050; *In re JPMorgan Chase & Co.*, 916 F.3d at 503.  *But see Clark*, 68 F.4th at 1011 (disagreeing with the conclusion "that district courts can or should determine, 'by a preponderance of the evidence,' whether absent employees have agreed to arbitrate their claims").

We agree with our sister circuits that it is an abuse of discretion to authorize notice to employees if it is undisputed that their claims are subject to arbitration.  Beyond that, we

decline to adopt any bright-line rule requiring district courts in all cases to make conclusive determinations regarding the arbitrability of prospective opt-in plaintiffs' claims prior to the dissemination of notice.

As we have recognized, "the proper means of managing a collective action—the form and timing of notice, the timing of motions, the extent of discovery before decertification is addressed—is largely a question of case management and thus a subject of substantial judicial discretion." *Campbell*, 903 F.3d at 1110 (quotation marks and citation omitted). That is particularly true of "[p]reliminary certification, to the extent it relates to the approval and dissemination of notice." *Id.* at 1110 n.10. Issues regarding the applicability and enforceability of arbitration agreements are often fact intensive and individualized. *See, e.g.*, *Oberstein v. Live Nation Ent., Inc.*, 60 F.4th 505, 513–15 (9th Cir. 2023). It may not be feasible or even possible to make those determinations in the absence of the parties allegedly bound by the agreements. *See Clark*, 68 F.4th at 1011 ("[T]his type of contention—that 'other employees' have agreed to arbitrate their claims—illustrates the impracticability of conclusively determining, in absentia, whether other employees are similarly situated to the original plaintiffs."). Thus, where the existence and validity of an arbitration agreement remains in dispute, a district court is not required to rule on the arbitrability of absent employees' claims prior to authorizing notice. Instead, the district court may reserve that determination until after the prospective plaintiffs have, in fact, opted into the litigation.

Applying these rules to the case before us, there was no abuse of discretion. The district court found that multiple fact issues remained that would need to be resolved before the court could determine which prospective opt-in plaintiffs

might be required to arbitrate their claims.  And the notice that the district court approved cautions that only employees whose claims are not subject to arbitration may join the litigation.   The district court appropriately treated arbitrability as one factor in its determination of whether and how to facilitate notice.  *See Campbell*, 903 F.3d at 1117 (discussing the "similarly situated" requirement); *see also Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 174 (1989) (explaining that district courts "must be scrupulous to respect judicial neutrality" and "take care to avoid even the appearance of judicial endorsement of the merits of the action" when facilitating notice).

### 2.  *Personal Jurisdiction.*

Finally, we turn to the question of personal jurisdiction and the propriety of nationwide notice.[5]

There are two forms of personal jurisdiction: general and specific.  *Daimler AG v. Bauman*, 571 U.S. 117, 126–27 (2014).  General "or all-purpose" jurisdiction is available in the forum in which the defendant is "fairly regarded as at home"; for corporate defendants like Cracker Barrel, that typically means the state in which the defendant is incorporated or has its principal place of business.[6]  *Id.* at 122, 137.  Specific jurisdiction, on the other hand, "focuses on the relationship among the defendant, the forum, and the

---

[5] As a preliminary matter, Plaintiffs contend that Cracker Barrell waived any argument that the court lacks personal jurisdiction over it in connection with the claims of non-Arizona employees.  The district court rejected Plaintiffs' waiver argument, and we decline to revisit the argument here.

[6] Cracker Barrel is incorporated and has its principal place of business in Tennessee, so it is undisputed that Cracker Barrel is not subject to general personal jurisdiction in Arizona.

litigation," *Walden v. Fiore*, 571 U.S. 277, 284 (2014) (internal quotation marks and citation omitted), *i.e.*, whether the suit "arises out of or relates to the defendant's contacts with the forum," *Daimler*, 571 U.S. at 127 (quotation marks, alteration, and citation omitted).

*Bristol-Myers* involved the exercise of specific personal jurisdiction in a mass tort action filed in California state court.  582 U.S. at 258.  There, hundreds of plaintiffs joined together in a mass action against a nonresident pharmaceutical company alleging injuries resulting from a medication manufactured and sold by the defendant.  *Id.* at 258–59.  Some of the plaintiffs were California residents, but most were not.  *Id.* at 259.  Although all plaintiffs claimed the same type of injury, the nonresident plaintiffs' claims bore no connection to California.  *Id.*  In what it described as a "straightforward application . . . of settled principles of personal jurisdiction," the Supreme Court held that the due process clause of the Fourteenth Amendment prohibited a California state court from exercising specific personal jurisdiction over the claims of the nonresident plaintiffs against the nonresident defendant.  *Id.* at 268.  "The mere fact that *other* plaintiffs were prescribed, obtained, and ingested [the drug] in California—and allegedly sustained the same injuries as did the nonresidents"—could not support the assertion of specific personal jurisdiction over the nonresidents' claims.  *Id.* at 265.  "What [wa]s needed—and what [wa]s missing . . . —[wa]s a connection between the forum and the specific claims at issue."  *Id.*

A split among circuit and district courts has emerged regarding whether the *Bristol-Myers* claim-by-claim analysis for specific personal jurisdiction applies in FLSA collective actions.  The Third, Sixth, Seventh, and Eighth Circuits hold that it does.  *Fischer v. Fed. Express Corp.*, 42

F.4th 366, 370 (3d Cir. 2022); *Canaday v. Anthem Cos., Inc.*, 9 F.4th 392, 397 (6th Cir. 2021); *Vanegas v. Signet Builders, Inc.*, 113 F.4th 718, 721, 723 (7th Cir. 2024); *Vallone v. CJS Sols. Grp., LLC*, 9 F.4th 861, 865–66 (8th Cir. 2021).  The First Circuit holds that it does not.  *Waters v. Day & Zimmermann NPS, Inc.*, 23 F.4th 84, 92 (1st Cir. 2022).  We align ourselves with the majority.

Our personal jurisdiction analysis in a federal question case begins with two basic principles.  First, there must be "an applicable rule or statute that potentially confers jurisdiction over the defendant."  *Cox v. CoinMarketCap OPCO, LLC*, 112 F.4th 822, 829 (9th Cir. 2024) (citation modified).  Second, the exercise of jurisdiction must be "consonant with the constitutional principles of due process."  *Glencore Grain Rotterdam B.V. v. Shivnath Rai Harnarain Co.*, 284 F.3d 1114, 1123 (9th Cir. 2002).

"Congress' typical mode of providing for the exercise of personal jurisdiction has been to authorize service of process."  *BNSF Ry. Co. v. Tyrrell*, 581 U.S. 402, 409 (2017).  Because the FLSA does not contain a service of process provision, Federal Rule of Civil Procedure 4(k)(1)(A) directs us to the law of the forum state—here Arizona.  *See* Fed. R. Civ. P. 4(k)(1)(A); *Briskin v. Shopify, Inc.*, 135 F.4th 739, 750 (9th Cir. 2025) (en banc).  The Arizona long-arm statute is "co-extensive with the limits of federal due process" under the Fourteenth Amendment.  *Herbal Brands, Inc. v. Photoplaza, Inc.*, 72 F.4th 1085, 1089 (9th Cir. 2023) (internal citation omitted).  In a case like this involving specific personal jurisdiction over a nonresident defendant, those limits include *Bristol-Myers*'s requirement that each claim bears a connection to the defendant's forum contacts.  *See Bristol-Myers*, 582 U.S. at 265–68; *see also Vanegas*, 113 F.4th at 729 ("[W]hen the court asserts its jurisdiction

through Rule 4(k)(1)(A) service, all it gets is what a state court would have.").

Plaintiffs argue that *Bristol-Myers* does not apply because FLSA collective actions, like class actions, are representative actions in which personal jurisdiction is analyzed at the level of the suit rather than on a claim-by-claim basis. Although we have not yet considered the application of *Bristol-Myers* in a class action, *see Moser v. Benefytt, Inc.*, 8 F.4th 872, 878–79 (9th Cir. 2021), we have made clear that a collective action under the FLSA "is not a comparable form of representative action," *Campbell*, 903 F.3d at 1105. The FLSA collective mechanism "is more accurately described as a kind of mass action, in which aggrieved workers act as a collective of *individual* plaintiffs with *individual* cases." *Campbell*, 903 F.3d at 1105; *see also Vanegas*, 113 F.4th at 725 ("[I]n practice courts treat FLSA collectives as agglomerations of individual claims."). The maintenance of individual party status makes the FLSA collective mechanism analogous to the mass action at issue in *Bristol-Myers*. *See Canaday*, 9 F.4th at 397. And in a case made up of individual claims by individual parties, it logically follows that personal jurisdiction be analyzed on an individual basis rather than at the level of the suit.

Plaintiffs also argue that *Bristol-Myers* does not apply because it is the Fifth Amendment, rather than the Fourteenth Amendment, that constrains personal jurisdiction in federal courts. When analyzing whether the exercise of personal jurisdiction comports with the Fifth Amendment, they argue, the court need only determine that the defendant has sufficient contacts with the United States as a whole—a standard easily met in a case involving a domestic corporation like Cracker Barrel. But Plaintiffs' argument rests on the faulty premise that the Fourteenth Amendment

plays no role in the jurisdictional analysis in this case.[7]  *See Walden*, 571 U.S. at 283 ("Federal courts ordinarily follow state law in determining the bounds of their jurisdiction over persons." (quoting *Daimler*, 571 U.S. at 125)).  If the FLSA provided for nationwide service of process, we would undertake a national contacts analysis and concern ourselves only with the due process limits of the Fifth Amendment. *See Go-Video, Inc. v. Akai Elec. Co., Ltd.*, 885 F.2d 1406, 1416 (9th Cir. 1989) (suggesting that "a national service provision is a necessary prerequisite for a court even to consider a national contacts approach").  However, the FLSA contains no such provision, which means that we must look to state law and, in turn, the Fourteenth Amendment. *See Herbal Brands, Inc.*, 72 F.4th at 1089.

In reaching its contrary holding, the First Circuit acknowledged that the Fourteenth Amendment constrains a federal court's personal jurisdiction in FLSA collective actions by virtue of Rule 4(k)(1)(A).  *Waters*, 23 F.4th at 94. The court reasoned, though, that the Fourteenth Amendment is relevant only to the service of a summons by the original plaintiff.  *Id.* at 94–96.  Then, once the original plaintiff effects service, "the Fifth Amendment's constitutional limitations limit the authority of the court" as to all other plaintiffs and claims.  *Id.* at 96.  That approach is "'hard to reconcile with *Bristol-Myers*,' as it would create another 'loose and spurious form of general jurisdiction'" that "would permit later-added claims of any kind—whether

---

[7] *Bristol-Myers* clarified that it "concern[ed] the due process limits on the exercise of specific jurisdiction by a State" and left "open the question whether the Fifth Amendment imposes the same restrictions on the exercise of personal jurisdiction by a federal court."  582 U.S. at 268–69.  Because our holding rests on the Fourteenth Amendment, we also do not answer that question.

under the FLSA or plain old Rule 18 joinder—to sidestep the usual jurisdictional limits." *Vanegas*, 113 F.4th at 729 (citations omitted) (first quoting *Canaday*, 9 F.4th at 401; and then quoting *Bristol-Myers*, 582 U.S. at 264). We have long held that "[p]ersonal jurisdiction must exist for each claim asserted against a defendant." *Action Embroidery Corp. v. Atl. Embroidery, Inc.*, 368 F.3d 1174, 1180 (9th Cir. 2004) (citing *Data Disc, Inc. v. Sys. Tech. Assocs., Inc.*, 557 F.2d 1280, 1289 n.8 (9th Cir. 1977)). Nothing in the text of the FLSA or the nature of the collective action suggests that the framework for the court's personal jurisdiction analysis changes between the original plaintiff's claims and opt-in plaintiffs' claims.

We, therefore, hold that the reasoning of *Bristol-Myers* applies in FLSA collective actions, and the district court erred in its assumption that the participation of a single plaintiff with a claim arising out of Cracker Barrel's business in Arizona was sufficient to establish personal jurisdiction over Cracker Barrel for all claims in the collective action.

## IV.  Conclusion.

Although we conclude that the district court employed a permissible process for evaluating these threshold questions, we vacate and remand for the district court to reassess its preliminary certification in light of our holding that *Bristol-Myers* applies to FLSA collective actions.

**AFFIRMED IN PART, VACATED IN PART, AND REMANDED.**

Each party will bear its own costs on appeal.